## Albert Bowman's License.   Albert Bowman's Appeal.

*Liquor laws—Remonstrance—Continuance of case—Act of June* 9, 1891.

Although the act of June 9, 1891, P. L. 257, requires the court to fix a time for hearing applications for liquor licenses, the hearing may be adjourned to a subsequent day, to suit the convenience of the court or of the applicants or remonstrants.

The court is not required to grant a license because the number of petitioners in favor of the application greatly exceeds the number opposed to it.

Argued April 17, 1895.   Appeal, No. 432, Jan. T., 1893, by Albert Bowman, from order of Q. S. Luzerne Co., Jan. T., 1895, No. 61, refusing to grant a retail liquor license.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.   Affirmed.

Petition for a retail liquor license.

The hearing on the petition was set for Feb. 18, 1895, at ten o'clock A. M., at which time petitioner appeared with his witnesses in court, but in consequence of a remonstrance having been filed on Feb. 15, 1895, the hearing was postponed for a week, at which time appellant again appeared with his witnesses, and the case was heard and disposed of.   The petitioner's application was signed by eighty-eight persons ; the remonstrance by forty-eight.   Rule of court No. 137, was as follows :

" Remonstrances specifying objections to granting a license, shall be signed by the person or persons objecting and be filed in the clerk's office at least five days before the time appointed, as aforesaid, for hearing.   Where a remonstrance is filed, as aforesaid, additional petitions of citizens for and against the granting of the license may be presented on the hearing of the

application but not afterwards. Where a remonstrance is filed the clerk shall, at once, note the fact on the petition."

The court refused the license.

*Error assigned* was above order.

*Michael Cannon*, for appellant, cited: Vanormer v. Ford, 98 Pa. 177 ; Duncan v. Bell, 28 Pa. 516 ; Magill's App., 59 Pa. 430 ; Haines v. Com., 100 Pa. 317 ; Rentzheimer v. Bush, 2 Pa. 88; Gannon v. Fritz, 79 Pa. 303; Brennan's Est., 65 Pa. 16 ; Johnson's App., 156 Pa. 322; Thompson v. Hatch, 3 Pick. 516; Rathbone v. Rathbone, 4 Pick. 89 ; Dewey v. Humphrey, 5 Pick. 187 ; Ogden v. Robertson, 3 Green (N. J. L.) 124; Fogoe v. Gale, 1 Wils. (Eng. C. L. R.) 162; Owens v. Ranstead, 22 Ill. 161; Quynn v. Carroll, 22 Md. 288; Kelminski's App., 164 Pa. 233.

*John T. Lenahan, E. F. McGovern* with him, for appellee, cited: Gross's License, 161 Pa. 344; act of June 9, 1891, P. L. 257; act of June 16, 1836, P. L. 578.

PER CURIAM, April 29, 1895:

It is stated in appellant's history of the case that on the day first appointed for hearing his application, he appeared in court with his witnesses, but in consequence of a remonstrance having been filed only three days before, setting forth that his house " was not necessary for the accommodation of the public," the hearing was postponed for a week. At that time he again appeared with his witnesses and a hearing was accorded him and the remonstrants. There was nothing irregular or improper in this. It is a mistake to suppose that the postponement to the day fixed for hearing applications to which remonstrances were filed, etc., was such a violation, by the court, of its own rule No. 137 as would justify us in sustaining the first assignment of error. While the act of June 9, 1891, requires the court to fix a time for hearing applications for licenses, " at which time all persons applying or making objections to applications for licenses may be heard by evidence, petition, remonstrance or counsel," it by no means follows that, for the convenience of parties interested either as applicants or remonstrants, or for

the convenience of the court itself, the hearing may not be adjourned to a subsequent day. There is nothing whatever to indicate that the postponement in question was either arbitrary or for an improper purpose. The remonstrants had as much right, under the law, to be heard as the appellant himself. Both parties were heard, and in due time the court announced its decision. In the absence of anything tending to show the contrary, we must assume that the court's decree is in accordance with the evidence. It matters not that the number of petitioners and others, in favor of appellant's application, greatly exceeded the number opposed thereto. It is the *quality* rather than the *quantity* of testimony that often does and should prevail.

The assignments of error are not sustained. Decree affirmed and appeal dismissed with costs to be paid by appellant.